## ADMISSIBILITY IN A WILL CASE OF PHOTOGRAPH OF TESTATOR.

Court of Appeals for Hamilton County.

ALEXANDER M. WARE v. ANNA J. SLOCUM, FLORENCE E. CRAGG, BLANCHE L. VORHIS AND STEPHEN E. SLOCUM, AS EXECUTOR OF CHARLES HENRY WARE, DECEASED.*

Decided, May 22, 1916.

*Evidence—Action to Contest Will—Photograph of Testator Admissible, When—Exclusion of Testimony Under an Objection Going to Its Weight Only Not Prejudicial, When—Irregularity in Bill of Exceptions.*

1. A photograph of the testator is competent in a will case, where evidence has been introduced as to his slovenly appearance which is denied by the defense, and the authenticity of the photograph has

---

*Motion to require the Court of Appeals to certify its record in this case overruled by the Supreme Court, October 10, 1916.

been established and also the fact that it resembled the testator as he appeared at about the time of the execution of the will.

2. The ruling out of testimony, under an objection which went to its weight rather than its competency, can not be regarded as prejudicial error.

*John G. Hudson* and *B. H. Stites,* for plaintiff in error.
*Bettinger, Schmidt & Kreis,* contra.

JONES (Oliver B.), J.

Plaintiff in error seeks to set aside the judgment of the court below sustaining the will of Charles Henry Ware. But two errors are relied upon:

First, that the court erred in admitting a photograph of testator, taken five years before the execution of the will, by his son-in-law, an amateur photographer. To sustain him in his claim as to this error plaintiff in error relies upon the case of *Varner* v. *Varner,* 16 C. C., 386. In that case it was held, properly as we think, that on the trial of an issue of testamentary capacity a photograph of the testator is not competent evidence as tending to prove or disprove testamentary capacity. But the case does not go to the extent of excluding photographs altogether in the trial of a will case.

In will cases, as in other cases, issues may be raised in which photographic evidence is competent. There is no question that photographs of places, persons, machinery and other objects, and maps and drawings, can be received as proper evidence when the circumstances of the case are such as to make them competent. In the Varner case the photograph itself was relied upon, without proper proof of its correctness or authenticity, or as to the ability of the traveling photographer who was said to have taken it. The court says, in its opinion:

"There is no evidence from any source as to the accuracy of the picture, or to what degree it resembled the old gentleman either at the time it was taken or at the date of the will."

And that court further said:

"Their introduction must be preceded by some proof of the correctness of the map or the photograph, for there is no legal presumption that they are correct."

In the instant case, however, there was testimony as to the appearance and slovenly condition of the testator, which the photograph was well calculated to rebut, as well as testimony of his neat dress and good appearance which it would corroborate; and there was proper testimony showing that the protograph was a good likeness of the testator and resembled him at about the time of the execution of the will. Among others, his sister, who was one of the principal witnesses for plaintiff, testified to this effect. We do not find any error in the admission in evidence of this photograph by the court below.

The other claim was that the court erred in ruling out the testimony of Dr. J. C. Krieger. Dr. Krieger testified that he had practiced medicine since 1888, and had examined lunacy cases in the probate court three times a week for several years; that he made an examination of Dr. Ware in May, 1913, almost two years after the execution of the will, and certified to the probate court that he found him to be an imbecile and unable to attend to any business that might be entrusted to him. He explained, however, in his testimony that he used the term "imbecile" as indicating that he ought to have a guardian to take care of his property; that he understood that the law in order to justify the appointment of a guardian for a person required that he should be found to be an imbecile, and he so reported it when his condition was such as to render him incapable of attending to his business, using the term "imbecile" in the sense of "incapability." In answer to the hypothetical question framed by plaintiff, Dr. Krieger testified that he would regard the person referred to in such question as of unsound mind; and on cross-examination he testified: "I am not a mental expert. I didn't examine him as such." He further testified as to how he found the testator when he made this examination which resulted in the certificate that he was an imbecile, and his testimony is contrary to some of the features of the hypothetical question asked by plaintiff. On motion of defendants' counsel, the answer to plaintiff's hypothetical question was ruled out, to which plaintiff excepted, and this ruling is urged and relied upon by plaintiff in error as the second reason for reversal.

The court below erred in ruling out this testimony of Dr. Krieger. Any objection to it was in regard to its weight rather than to its competency; but considering the entire testimony given by Dr. Krieger, this error of the court can not be considered as prejudicial to the plaintiff in error.

The question might be raised as to whether the bill of exceptions which we have treated as being part of the record should be so considered. The original bill of exceptions as prepared by plaintiff contained but four pages and set out but two items of evidence. It was filed as a bill of exceptions, but was never allowed and signed by the trial judge. The defendants, however, prepared certain exceptions and corrections to the bill of exceptions containing some thirty-three pages, and containing in narrative form what purported to be all of the evidence in the case. This so-called bill of exceptions and corrections to the bill of exceptions was allowed and made part of the bill of exceptions by the signature of the trial judge, October 9, 1915. The two are attached together, and we have treated them as together constituting the entire bill of exceptions. But if objection had been urged to the form in which they are drawn and certified, it is doubtful whether they could be sustained as a proper bill of exceptions. This fact is mentioned as an additional reason for the affirmance of the judgment below.

Treating this, however, as a proper bill of exceptions, the court finding upon a review of the whole record that there is no error to the substantial prejudice of plaintiff in error, the judgment will be affirmed.

Jones (E. H.), P. J., and Gorman, J., concur.